THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Lisa Kay Causey, Appellant,
 v.
 South Carolina Budget and Control Board, South Carolina Retirement Systems, Respondents.
 
 
 

Appeal From the Administrative Law Court
 Marvin F. Kittrell, Administrative Law
 Judge
Unpublished Opinion No. 2008-UP-598
Submitted October 1, 2008  Filed October
 17, 2008
AFFIRMED

 
 
 
 Lisa
 Kay Causey, pro se, for Appellant.
 Justin R. Werner and David K. Avant, of Columbia,  for Respondents.
 
 
 

PER CURIAM: Lisa K. Causey appeals the denial of her claim for
 disability retirement, arguing the Administrative Law Court (ALC) erred (1) in
 finding the reliable, probative, and substantial evidence on the record
 supported denial, (2) in assigning weight to expert testimony, and (3) in
 excluding her medical literature as inadmissible hearsay.  Causey further
 argues her inability to secure counsel placed her at an unconstitutional
 disadvantage.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities.  
1.  As
 to the question whether the ALC erred in finding the reliable, probative, and
 substantial evidence on the record supported denial:  S.C. Code Ann. § 1-23-600(B) (Supp. 2007) (providing a
 party who has exhausted administrative remedies and obtained a final agency
 determination from an executive-branch agency may seek a contested case hearing
 from the ALC); S.C. Code Ann. § 9-1-1540 (Supp. 2007) (rendering a member
 eligible for disability retirement benefits when South Carolina Retirement
 Systems, after a medical examination of the member, certifies that the member
 is mentally or physically incapacitated for the further performance of duty,
 that the incapacity is likely to be permanent, and that the member should be
 retired.); Terry v. S.C. Dept of Health & Envtl. Control, 377 S.C.
 569, 573, 660 S.E.2d 291, 293 (Ct. App. 2008) (In administrative law cases,
 the ALC serves as the fact-finder and is not restricted by the findings of the
 administrative agency.).   
2.  As
 to whether the ALC erred in assigning weight to expert testimony:  In re Michael H., 360 S.C. 540, 546, 602 S.E.2d 729, 732 (2004) (An issue may not be
 raised for the first time on appeal.  In order to preserve an issue for appeal,
 it must be raised to and ruled upon by the trial court.).    
3.  As
 to whether the ALC erred in excluding Causeys medical literature as
 inadmissible hearsay:  S.C. Code Ann. §
 1-23-330(1) (2005) (requiring the ALC to exclude [i]rrelevant, immaterial or
 unduly repetitious evidence from contested case hearings and otherwise follow
 the South Carolina Rules of Evidence applicable in civil cases in the court of
 common pleas); Rule 801(c), SCRE (Hearsay is a statement, other than one
 made by the declarant while testifying at the trial or hearing, offered in
 evidence to prove the truth of the matter asserted.); Rule 803(18), SCRE (excluding
 learned treatises from introduction as exhibits but providing a limited
 exception for their admissibility when read into evidence during examination of
 an expert witness).  
4.  As
 to whether Causeys inability to secure counsel placed her at an unconstitutional
 disadvantage:  DuRant v. S.C. Dept of Health & Envtl. Control, 361
 S.C. 416, 424-25, 604 S.E.2d 704, 709 (Ct. App. 2004) (holding constitutional
 issues not raised to and ruled on by a lower court are not preserved for
 appellate review).  
5.  As
 to all remaining issues:  In re
 Michael H., 360 S.C. 540, 546, 602
 S.E.2d 729, 732 (2004) (An issue may not be raised for the first time on
 appeal.  In order to preserve an issue for appeal, it must be raised to and ruled
 upon by the trial court.); DuRant v. S.C.
 Dept of Health & Envtl. Control,
 361 S.C. 416, 424-25, 604 S.E.2d 704, 709 (Ct. App. 2004) (holding
 constitutional issues not raised to and ruled on by a lower court are not
 preserved for appellate review).  
AFFIRMED. 
SHORT,
 THOMAS, and PIEPER, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.